```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JAHI HASANATI,

                    Plaintiff,

      - against -                                              **REPORT AND
                                                               RECOMMENDATION**
                                                               10-CV-4910 (ARR)(JMA)
THE CITY OF NEW YORK; DEPARTMENT
OF CORRECTIONS; WARDEN OBCC - Rikers
Island; GUARDS AND SUPERVISORS OF
SEPTEMBER 7, 2010, Assigned to Dormitory 6L,
and others unknown at this time,

                    Defendants.
-----------------------------------------------------------X
```

A P P E A R A N C E S

Jahi Hasanati
# 10-84246
Metro West Detention Center
13850 NW 41st Street
Miami, FL 33178
    *Pro se Plaintiff*

Noreen Stackhouse
New York City Law Department
100 Church Street
New York, NY 10007
    *Attorney for Defendants*

**AZRACK, United States Magistrate Judge:**

    On October 19, 2010, Jahi Hasanati ("plaintiff") filed this pro se action against the City of New York, the Department of Corrections, Warden OBCC-Rikers Island, and the Guards and Supervisors of September 7, 2010 assigned to dormitory 6L, and others unknown at the time (collectively "defendants"). The causes of action are difficult to ascertain, but plaintiff appears to allege that he is "unconstitutionally shackled," that he is housed in an overcrowded dormitory,

that, due to prison staff negligence, he was attacked by fellow inmates and suffered injuries, and that, after this attack, he was refused the type of medical care he sought.  See generally Compl., ECF No. 1.  Since commencing the action, plaintiff has repeatedly failed to respond to defendants' discovery requests, to appear for scheduled depositions, and to abide by this Court's discovery orders.  Pursuant to this inaction, on July 18, 2011, defense counsel submitted a letter requesting that the Court dismiss this action pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute.  Defs.' Ltr. Mot. to Dismiss ("Mot. to Dismiss II") 1, ECF No. 26.  For the reasons discussed below, I recommend that the action be dismissed with prejudice.

## I. BACKGROUND

Plaintiff filed this action on October 19, 2010.  See generally Compl.  On March 3, 2011, defendants served plaintiff with interrogatories and document requests.  Mot. to Dismiss II 1.  Plaintiff did not respond.  Subsquently, on April 4, 2011, I set a discovery schedule directing defendant to depose plaintiff on or before June 3, 2011, and to file a motion for summary judgment on or before July 8, 2011.  Minute Entry, ECF No. 14.  Accordingly, defense counsel scheduled plaintiff's deposition for May 25, 2011, but plaintiff refused to appear.  Mot. to Dismiss II 1.  On May 26, 2011, defendants filed a motion to dismiss the complaint for failure to prosecute on the basis that plaintiff had: (1) failed to provide defendants with responses to interrogatories and document requests; and (2) failed to attend his deposition.  See generally Defs.' Ltr. Mot. to Dismiss ("Mot. to Dismiss I"), ECF No. 20.

On June 7, 2011, I denied defendants' motion to dismiss and directed plaintiff to (1) respond to defendants' discovery requests by June 30, 2011; and (2) appear for his deposition.  Order, dated June 7, 2011.  Further, I stated that plaintiff's "failure to comply with discovery

2

demands or failure to appear at his deposition will result in a recommendation to the District Judge that the case be dismissed for failure to prosecute." Id.

On June 16, 2011, I granted defendants' request for permission to telephonically depose plaintiff on June 27, 2011 from the Metro West Detention Facility in Miami, Florida, and arrangements were made to do so. Order, ECF No. 22. However, in the interim, plaintiff was sentenced and transferred to South Florida Reception Center. Mot. to Dismiss II 2. Thereafter, defendants requested and were granted permission to depose plaintiff via telephone at his new facility on July 14, 2011. Order, dated July 5, 2011.

At approximately 10:00 a.m. on July 14, 2011, defense counsel was prepared to proceed and had hired a Court Reporter to record plaintiff's deposition. See Mot. to Dismiss II 2. However, defense counsel was informed by Ms. Nadine Miles of the South Florida Reception Center that plaintiff refused to appear for the deposition. Defense counsel then advised plaintiff through Ms. Miles that his case would likely be dismissed if he did not appear, to which plaintiff reiterated through Ms. Miles that he would not appear. Accordingly, defense counsel cancelled the deposition.

To date, plaintiff has failed to respond to defendants' interrogatories and document requests in direct violation of my Order requiring plaintiff to comply with the demands by June 30, 2011. Order, dated June 7, 2011.

## II. DISCUSSION

Rule 41(b) provides that a defendant may move to dismiss an action or claim "for failure of the plaintiff to prosecute or to comply with these rules or any order of court." Fed. R. Civ. P. 41(b). When reviewing a district's court's decision to dismiss under Rule 41(b), the Second Circuit considers whether:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

See Ruzsa v. Rubenstein & Sendy Attys at Law, 520 F.3d 176, 177 (2d Cir. 2008). "[D]istrict court[s are] not required to discuss each factor in dismissing a case as long as an explanation is given for the dismissal." Miller v. Dep't of Corrs., No. 07-CV-7584, 2009 WL 564926, at *2 (S.D.N.Y. Mar. 5, 2009), adopted in its entirety by 2009 WL 1010059 (S.D.N.Y. Apr. 14, 2009) (citing Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996)). "No one factor is dispositive," and the decision must be based on the entirety of the record. See United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004).

Here, plaintiff has been totally unresponsive to defendants' interrogatories and document requests. Even after I specifically ordered plaintiff to respond to the discovery requests by June 30, 2011, plaintiff still failed to respond. Further, plaintiff failed to appear for not one, but two, scheduled depositions. After plaintiff did not appear for the first scheduled deposition, I denied defendants' motion to dismiss and gave plaintiff a second chance. The ensuing Order warned plaintiff that I would recommend dismissal if he failed to appear for the second deposition. At the time scheduled for the second deposition, plaintiff indicated that he would not appear and defense counsel again reminded him of my warning that a failure to appear would result in a recommendation of dismissal. Despite these repeated warnings, plaintiff failed to appear. Plaintiff's habitual disregard of this Court's Orders and my warning adequately demonstrate that lesser sanctions would be ineffective. See Brow v. City of New York, No. 09-CV-4171, 2010 WL 3449222, at *1 (2d Cir. Sept. 3, 2010) (affirming dismissal in part due to the presumed

4

inefficacy of lesser sanctions in a case where plaintiff was given a prior warning concerning dismissal).

I find that plaintiff's repeated failure to respond to defendants' discovery requests, and his refusal to appear for two scheduled depositions warrant dismissal of the case for failure to prosecute. See id. Consequently, I recommend that the case be dismissed with prejudice.

### III. CONCLUSION

For the foregoing reasons, I respectfully recommend that this action be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Defendants are directed to serve a copy of this report and recommendation on plaintiff within fourteen days, and to promptly file proof of service on ECF. Any objections to this report and recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen days of receipt of this report. Failure to file objections within the specified time waives the right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6.

SO ORDERED.

Dated: August 11, 2011
Brooklyn, New York

/s/
JOAN M. AZRACK
UNITED STATES MAGISTRATE JUDGE